IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-03342-FL

| | | |
|---|---|---|
| JUAN ANTONIO CONTRERAS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter is before the court on the parties' cross-motions for summary judgment (DE 36, 39) pursuant to Federal Rule of Civil Procedure 56. The motions were fully briefed. In this posture, the issues raised are ripe for ruling.

**STATEMENT OF THE CASE**

Plaintiff Juan Antonio Contreras ("plaintiff"), a federal inmate proceeding pro se, commenced this action by filing a complaint on December 11, 2023, asserting a negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Specifically, plaintiff alleges defendant was negligent because the fire alarm on the Clemson Unit at the Federal Correctional Institution at Butner ("FCI Butner") was not working properly on April 20, 2021.

Following a period of discovery, and in accordance with the case management order, plaintiff filed the instant motion for summary judgment. In support of the motion, plaintiff relies upon memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) an April 20, 2021 memorandum regarding the "Clemson Unit C04 wing fire;" 2) an April 21, 2021 email regarding the Clemson unit fire; and 3) excerpts from plaintiff's medical records.

In lieu of response to plaintiff's motion, defendant filed the instant cross-motion for summary judgment. In support of its motion, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) a declaration from Virgil Neal ("Neal"), a Senior Officer Specialist at the Federal Correctional Center ("FCC") Butner; 2) two memorandums, dated April 20, 2021, regarding the "Clemson Unit C04 wing fire;" 3) a declaration from Efrain Quinones ("Quinones"), a Lieutenant at FCC-Butner; 4) a declaration from John Motley ("Motley"), a paramedic at FCC Butner; 5) a memorandum from Motley regarding the Clemson unit fire; 6) a declaration from Luis Martinez, the Occupational Safety and Health Administrator ("OSHA") at FCC Butner; 7) a letter from OSHA to FCC Butner; 8) FCC Butner's response to the OSHA letter; and 9) plaintiff's responses to defendant's discovery requests. Plaintiff responded to defendant's cross-motion for summary judgment and attached a memorandum of law, statement of material facts, and appendix of the following exhibits: a personal declaration; and a declaration from inmate Stephan M. Bullis.

**STATEMENT OF THE FACTS**

The facts, viewed in the light most favorable to plaintiff, are summarized as follows. At approximately 1:15 a.m. on April 20, 2021, a watch officer assigned to the Clemson Unit at FCI Butner smelled smoke. (Def.'s SOMF ¶ 2; Pl.'s SOMF (DE 36-2) ¶ 2; Pl.'s SOMF (DE 44-1) ¶ 2).[1] The officer next investigated and discovered a melted and burnt mop bucket in the bathroom shower area of the Clemson Unit's C04 wing, along with a metal table with burn marks and a trash can containing burned linen. (Def.'s SOMF ¶ 2). The officer next notified the

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

Operations Lieutenant of the fire, and the officers evacuated all inmates on the unit. (Id. ¶ 3; Pl.'s SOMF (DE 36-2) ¶ 2; Pl.'s SOMF (DE 44-1) ¶ 3). The fire alarm and sprinkler system on the unit failed to activate. (Pl.'s SOMF (DE 36-2) ¶ 3).

After all inmates were evacuated from the unit, Motley, an Emergency Medical Technician/Paramedic at FCC Butner, triaged and treated the inmates for any medical complaints. (Def.'s SOMF ¶¶ 4-5; Pl.'s SOMF (DE 44-1) ¶ 4). Plaintiff was one of only two inmates who made a medical complaint following the evacuation. (Def.'s SOMF ¶ 5). Specifically, plaintiff informed Motley that his blood sugar was low. (Id. ¶ 6; (DE 36-3), p. 3). Medical staff provided plaintiff with an Ensure protein drink, and plaintiff indicated that he felt better. (Id.; Pl.'s SOMF (DE 44-1) ¶ 6). Following the evacuation of the unit, the smoke was cleared from the C04 wing, and the inmates were permitted to return. (Def.'s SOMF ¶ 7; Pl.'s SOMF (DE 44-1) ¶ 7). FCC Butner staff later learned that an inmate on the Clemson Unit had started the fire. (Id. ¶ 8; Pl.'s SOMF (DE 44-1) ¶ 8).

Prison officials at FCC Butner subsequently received a letter, dated July 16, 2021, from OSHA, which indicated OSHA had received a notice of an alleged workplace hazard at FCC Butner, which provided in pertinent part: "[t]he specific nature of the alleged hazard is as follows: The fire Alarm system was not working in the Clemson Unit on/or about 4/20/21." (Def.'s SOMF ¶ 9; Pl.'s SOMF (DE 44-1) ¶ 9). On July 22, 2021, the Warden at the FCC Butner provided OSHA the following response:

> On April 20, 2021 at approximately 1:15 am a Correctional Officer in the Clemson Unit discovered smoke entering the housing unit. This was caused by a fire found inside of a bathroom mop bucket. The officer immediately notified his supervisor and evacuated all inmates from the unit. Following the evacuation, an emergency count was conducted and smoke was evacuated from the unit.

> Once the area was deemed safe, inmates were allowed to return to the unit and a 15 minute fire watch was initiated.
>
> During the day on April 20, 2021, the Facilities Department was notified that the smoke alarm system in the Clemson Unit had failed to initiate during the fire. After a thorough inspection of the fire alarm system and all of its components, a "Lightning Surge Arrestor Block" was found to be blown, possibly caused by a recent lightening strike. The replacement part was in stock at the institution and promptly replaced. There have been no further malfunctions since the repair.
>
> Daily fire and smoke alarm system checks are completed to ensure that all sensor lights on the system indicate that they are fully operational. Additionally, full fire and smoke alarm system inspections are initiated via a quarterly computer generated 'Preventative Maintenance Inspection' sheet. The quarterly inspection conducted prior to the fire was completed in early April 2021 and showed no issue with the Clemson Unit fire alarm system. The most recent quarterly inspection was completed on July 15, 2021 by the FCI-1 Facilities Department with no deficiencies, see attached.

(Def.'s SOMF ¶ 10; (DE 42-9), pp.1-6).

Plaintiff disputes that there had been a "recent lightening strike" and disputes that FCI Butner staff performed daily checks of the fire and smoke alarm system. (Pl.'s SOMF (DE 44-1) ¶ 10). According to plaintiff, FCI Butner employees G. Newton and Mr. Steines were "in charge of maintaining functions of smoke and fire alarms[, and] had turned off the system several days prior to the incident and had not turned it back on." ((DE 44), p. 2); see also, ((DE 1), pp. 3-4). Plaintiff alternatively claims that "the fire alarm alert pull system had been pulled approximately six weeks prior to the fire incident of April 20, 2021, and had not been reset by staff." ((DE 44-2) p. 2, ¶ 1); see also, ((DE 44-2) p. 3, ¶¶ 6-7 (inmate stating fire alarm had been pulled in March 2021 and was not reset).

On April 26, 2021, plaintiff attended a follow-up visit with Dr. Larence Sichel and complained of a cough as well as a runny nose due to his smoke exposure on April 19, 2021. ((DE 36-3), p. 4). Dr. Sichel noted that plaintiff's runny nose and cough were "resolving now." (Id.)

## DISCUSSION

A. Plaintiff's Rule 56(d) Request

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion [for summary judgment] or deny it." Fed. R. Civ. P. 56(d)(1). "Rule 56(d) mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014). Thus, "district courts should not consider summary judgment motions where the nonmoving party has not had an opportunity to discover information essential to its opposition." Farabee v. Gardella, 131 F.4th 185, 193 (4th Cir. 2025).

In his response to defendant's motion for summary judgment, plaintiff states as follows: "If the court finds additional discovery is needed, plaintiff seeks denial without prejudice or, in the alternative, a continuance under Rule 56(d)." See ((DE 44), p. 5). As an initial matter, the court does not find that additional discovery is needed in this case. Plaintiff, additionally, has not identified any missing discovery materials which he deems to be essential to his opposition. Finally, the court provided the parties almost six months to complete discovery, and the time-period for conducting discovery concluded on June 2, 2026. See (DE 17, 23). Plaintiff has not explained his failure to request any discovery materials within the ample period of time the court

allotted for discovery. Based upon the foregoing, the court denies plaintiff's request for relief under Rule 56(d).

B. Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On cross-motions for summary judgment, the court "consider[s] each motion separately on its own merits to determine whether [any] of the parties deserves judgment as a matter of law." Defs. of Wildlife v. N.C. Dep't of Transp., 762 F.3d 374, 392 (4th Cir. 2014). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[2]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

2. Analysis

The FTCA provides for a limited waiver of the United States' sovereign immunity for certain torts committed by federal employees. Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009); see also FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides that the United States is liable for negligent acts of federal employees only to the extent that "a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Therefore, a plaintiff "has an FTCA cause of action against

the government only if she would also have a cause of action under state law against a private person in like circumstances." Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991).

Plaintiff's alleged injury occurred in North Carolina, and thus North Carolina tort law of negligence governs plaintiff's claim. 28 U.S.C. § 1346(b)(1); Miller, 932 F.2d at 303. Under North Carolina law, a negligence claim requires proof of "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." Bridges v. Parrish, 366 N.C. 539, 541 (2013); Camalier v. Jeffries, 340 N.C. 699, 706 (1995). As relevant here, "a prison official is liable [for negligence] when he knows of, or in the exercise of reasonable care should anticipate, danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners." State ex. rel. Williams v. Adams, 288 N.C. 501, 504 (1975); see also Taylor v. North Carolina Dep't of Correction, 88 N.C. App. 446, 448 (1988) ("[D]efendant [prison officials] had a duty of reasonable care to protect the plaintiff from reasonably foreseeable harm.").

"Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred[.]" Hairston v. Alexander Tank & Equipment Co., 310 N.C. 227, 233 (1984) (collecting cases). In addition, a proximate cause is "one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed." Id. "Foreseeability is thus a requisite of proximate cause, which is, in turn, a requisite for actionable negligence." Id. "To establish that negligence is a proximate cause of the loss suffered, the plaintiff must establish that the loss would not have occurred but for the [defendant's] conduct." Rorrer v. Cooke, 313 N.C. 338, 361 (1985).

The burden rests upon a plaintiff to prove "from the evidence and by its greater weight that the defendant was negligent and that his negligence was the proximate cause, or one of the proximate causes of the plaintiff's injury." Price v. Gray, 246 N.C. 162, 167 (1957). The issue of proximate cause is usually a question for the jury. Lamm v. Bassette Realty, Inc., 327 N.C. 412, 418 (1990); see also Olds v. United States, 473 F. App'x 183, 185 (4th Cir. 2012) (remanding, in part, on the basis that the court erred in resolving proximate cause issue at summary judgment stage because such issues are usually questions for the jury).

Under 18 U.S.C. § 4042, the BOP owes an affirmative legal duty to "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States . . . ." 18 U.S.C. § 4042(a)(2). "The government [, however,] is not an insurer of the safety of a prisoner." Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976). Rather, "a prison official is liable when he knows of, or in the exercise of reasonable care should anticipate, danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners.'" Thames v. North Carolina Dept. of Correction, 205 N.C. App. 469, 698 S.E.2d 201, at *2 (N.C. App. July 20, 2010) (internal quotations omitted); Taylor v. North Carolina Dep't of Correction, 88 N.C. App. 446, 448, 363 S.E.2d 868, 871 (1988) ("[D]efendant [prison officials] had a duty of reasonable care to protect the plaintiff from reasonably foreseeable harm.").

Plaintiff alleges defendant was negligent because the fire and smoke alarm system in the Clemson Unit was not working properly on April 20, 2021. Plaintiff makes the conclusory and unsworn allegation that the fire and smoke alarm system was not working on that date because FCI Butner employees G. Newton and Mr. Steines had turned off the alarm system on the Clemson

Unit "several days prior to the incident and had not turned [the system] back on." See ((DE 1) ¶ 9). Plaintiff, however, has not provided any evidence to substantiate his allegation and his unsupported and conclusory allegation is insufficient to establish that defendant breached its duty of care. See Papasan v. Allain, 478 U.S. 265, 286 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation."); Wai Man Tom v. Hospitality Ventures, 980 F.3d 1027, 1037 (4th Cir. 2020) (explaining "conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion").

Plaintiff, alternatively, contends, in the declaration he submitted in response to defendant's motion for summary judgment, that the fire and smoke alarm system in the Clemson Unit was pulled in March 2021, and was not reset. See ((DE 44-2) p. 2, ¶ 1; (DE 44-2), p. 3 ¶¶ 6-7). Plaintiff, however, does not explain why this would have resulted in the failure of the alarm system in April 2021. The record, instead, reflects that the full fire and smoke alarm system on the Clemson Unit was inspected in early April 2021, and that the results of the inspection showed no issue with the fire and smoke alarm system on the unit. See (DE 42-9). The record further reflects that during an inspection of the fire and smoke alarm system after the fire on April 20, 2021, FCI Butner staff found a blown "Lightening Surge Arrestor Block," which staff believed had been caused by a recent lightening strike. After the FCI Butner staff replaced the defective part in the fire and smoke alarm system, there were no issues with the system. See ((Def.'s SOMF ¶ 10; (DE 42-9), pp. 1-6). Based upon the foregoing, the record reflects FCI Butner staff took reasonable steps to ensure the fire and smoke alarm system was functioning on April 20, 2021, and plaintiff has failed to present evidence that prison officials breached their duty of care with respect to the fire and smoke alarm system's maintenance.

To the extent plaintiff alleges FCI Butner staff were negligent in their response to the fire on the Clemson Unit, the record reflects FCI Butner staff responded reasonably on April 20, 2021. Specifically, FCI Butner staff acted immediately after smelling smoke on the Clemson Unit to discover its source. After quickly discovering the source of the smoke, FCI Butner staff swiftly evacuated all of the inmates on the unit, and timely completed a medical triage of the inmates. After plaintiff complained of low blood sugar following the incident, medical staff provided plaintiff with something to eat and plaintiff indicated that he felt better.

After reviewing the record in the light most favorable to plaintiff, the court finds that plaintiff has not established any breach of duty, and plaintiff's negligence claim fails. In sum, plaintiff has not established a genuine dispute of fact. As a result, defendant's motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for summary judgment (DE 36) is DENIED and defendant's motion for summary judgment (DE 39) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge